UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:10-CV-00444-R

IRA GREEN, INC.                                                                PLAINTIFF

v.

U.S. CAVALRY STORE, INC.,                                                     DEFENDANT

**OPINION AND ORDER**

This matter comes before the Court upon Plaintiff's Motion to Compel Discovery Responses and for Sanctions against Defendant. (DN 19). Defendant has responded (DN 21) and Plaintiff has replied (DN 24). For the reasons that follow, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.

Plaintiff IRA Green, Inc. is a Rhode Island corporation that "manufactures, distributes, markets, and sells military gear, decorations, medals, uniform-related accessories and other products." DN 1 at 2. Defendant U.S. Cavalry Store, Inc. is a Delaware corporation doing business in Kentucky. *Id*. Plaintiff brought this action against Defendant on June 24, 2010, for false advertising, false designation of origin, and unfair competition. *Id*. at 1-2.

According to the record before the Court, Plaintiff's counsel propounded upon Defense counsel its initial request for production of documents and its initial set of interrogatories on December 28, 2010. Although Plaintiff's counsel contacted Defense counsel on several occasions as the deadline neared, no timely responses were offered. *See* Fed. R. Civ. P. 33, 34 (a party generally has 30 days to respond to requests of production and interrogatories). This motion followed on February 9, 2011, seeking to compel production of these items; still, Defendant did not respond to the requests until March 2, 2011. *See* DN 21 at 1. Plaintiff also

1

complains that Defendant has impeded previously scheduled depositions of the Rule 30(b)(6) designee, which has in turn caused Plaintiff's counsel to incur unnecessary expenses. Specifically, Plaintiff's counsel writes in his reply to this motion that on February 23, 2011, two days before the Rule 30(b)(6) designee was supposed to be deposed, Defense counsel informed Plaintiff's counsel that the witness was unavailable. DN 24-1 at 1. Plaintiff's counsel affirms that since he was required to travel from Rhode Island to Kentucky, he had already incurred expenses for the deposition. DN 24-1 at 1. Furthermore, when the deposition did take place on March 3, 2011, the designee stated that he in fact had been available on February 23, but was unaware that he was scheduled to be questioned. DN 24-2 at 5-6. As these allegations have arisen in Plaintiff's reply brief, Defendant has not had an opportunity to respond.

As redress for the delay and unnecessary expenditures it accumulated, Plaintiff asks the Court enter a default judgment against Defendant under Federal Rule of Civil Procedure 37. In the alternative, Plaintiff asks that Defendant be compelled to respond to its discovery requests and pay for Plaintiff's fees and costs. Defense counsel retorts that the delay was due to her own family troubles, that the completed production requests and interrogatories have been returned, and that Plaintiff was most likely not prejudiced by the tardy filings.

Rule 37 allows a court to award sanctions when a Rule 30(b)(6) designee fails to appear for a deposition or when a party, properly served with interrogatories and requests for production, "fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). It may impose the type of sanctions described in Rule 37(b)(2)(A)(i)-(iv), which includes rendering a default judgment, or it may also "require the party failing to act, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees caused

by the failure." *Id*. § 37(d)(3). Conversely, the target of the sanctions motion may avoid responsibility by showing that "the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*.

The Court first finds that Defendant's delay was not substantially justified and that without the remedy provided by the Court in this order, the delay would not be harmless. While the Court understands that Defense counsel's duties at home may have intruded on her other responsibilities during the relevant time period, the record indicates that she is one of three attorneys representing the Defendant. At least one of the other counselors should have been able to manage the discovery process by either responding to Plaintiff's requests, or by at least petitioning for an extension with the Court. Moreover, the correspondence attached to this motion indicates that Plaintiff's counsel attempted in good faith to resolve the dispute without first involving the Court. Concerning the Rule 30(b)(6) designee's deposition, the record demonstrates that whatever costs Plaintiff's counsel incurred through its cancellation are directly attributable to Defendant. The designee's testimony seems to indicate that he was not even aware he was going to testify until a day before the actual deposition occurred. DN 24-2 at 4-6. It is unclear to the Court how a witness can be unavailable when he does not even know of the previously established appointment. Plaintiff's sunk travel expenditures could have been avoided had Defense counsel provided timely notice to its client concerning the scheduled deposition.

Regarding the Motion to Compel, Defendant has forwarded the petitioned-for responses and documents to Plaintiff; as such, this request is moot. To the extent that Plaintiff is dissatisfied with Defendant's responses or its objections to the discovery requests, this motion is

not the appropriate vehicle to explore these concerns.  Plaintiff raised these issues in its reply brief and consequently Defendant has not had an opportunity to address its position and the objections it raised.  If Plaintiff finds itself further stymied by Defendant's responses and it believes they are violative of the federal discovery rules, the Court invites it to file another motion to compel where these issues may be fully briefed by both litigants.

## CONCLUSION

In light of Defendant's unjustified delay in returning Plaintiff's interrogatories and requests for production of documents, the Court will favorably entertain a motion from the Plaintiff for reasonable costs and attorney's fees to prepare the present motion and reply.  Plaintiff's counsel may also include the travel expenses he incurred as a result of the canceled deposition on February 23, 2011.  These sanctions will remedy any harm caused by the delay in production of these materials, making it unnecessary to take more drastic action.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs Motion (DN 19) is GRANTED IN PART AND DENIED IN PART.  Plaintiff may make a motion for costs and attorney's fees that precisely details its reasonable expenses.  Plaintiff's motion to compel is DENIED as moot.  Plaintiff may file another motion addressing any concerns it may have regarding Defendant's responses to the above-described discovery items.